IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | { | CHAPTER 13 |
| | { | |
| Ingrid B. Wright, | { | CASE NO. 10-86096-BEM |
| | { | |
| Debtor. | { | |

**MOTION TO INCUR NEW DEBT BY MODIFYING MORTGAGE**

COMES NOW Ingrid B. Wright, Debtor, in the above-styled case and moves the Court for an order allowing her to modify the terms of the mortgage on her real property and respectfully shows the Court the following:

1.

Debtor filed a Voluntary Petition for relief under Chapter 13 on September 3, 2010. The Chapter 13 Plan was confirmed on December 15, 2010.

2.

Debtor's real property is located at 105 Hillandale Court, Lithonia, GA 30058. Debtor seeks permission from this Court to modify the terms of the mortgage on this real property.

3.

Bank of America, N.A. holds the mortgage on Debtor's personal residence. The new principal balance amount will be $147,396.91("the new principal balance"). $44,219.07 of the New Principal Balance shall be deferred, and the Debtor will not pay interest or make monthly payments on this amount. The new principle balance less the deferred principal balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $103,177.84. Interest at the rate of 4.625% began to accrue on the interest bearing principal on October 1, 2012 and the first new monthly payment on the interest bearing principal balance came due on November 1, 2012. The monthly principal and interest payment will be $472.17 and the estimated monthly escrow payment will be $333.08. The total monthly payment is $805.25.

The escrow payments may be adjusted periodically in accordance with applicable law and therefore the Debtor's total monthly payment may change accordingly. *See Exhibit A*.

4.

Debtor's amended Schedules I & J will reflect that the loan repayment will be feasible and will not prevent Debtor from meeting her obligations under the Chapter 13 plan.

5.

The Debtor believes that attaining this mortgage loan modification is in the best interest of the estate and her creditors and that it will assist in the effectuation of the Debtor's financial reorganization.

WHEREFORE, Debtor prays:

(a) that the Court will consider this motion and;

(b) grant Debtor permission to modify the terms of the mortgage on this real property.

Dated: **January 17, 2013**

Jigna Y. Patel   /s/
Jigna Y. Patel
Attorney for Debtor
GA Bar No. 613033
Robert J. Semrad & Associates
101 Marietta Street
Suite 3600
Atlanta, GA 30303
404-909-8666

# EXHIBIT A

Investor Loan # _____ 2149170378714330058 _____

**After Recording Return To:**
Bank of America, N.A.
11802 Ridge Parkway, Ste 100 HRM
HOME RETENTION
Broomfield, CO 80021

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

## FANNIE MAE LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: INGRID B WRIGHT
Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and
Note ("Note"): 04/30/2007
Loan Number: 2149161376721300058
Property Address (See Exhibit A for Legal Description if applicable) "Property": 105
HILLANDALE COURT, LITHONIA, GA 30058
See Exhibit B for assignments of record if applicable

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.



FNMA-140493                                                                                  8116 09-09

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

    D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the FANNIE MAE Modification Program ("Program"));

    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

    G. I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.



FNMA-140493                                                                 8116 08-09

I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on November 1, 2012 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on November 1, 2012.

   A. The Maturity Date will be: October 1, 2052.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $147,396.91 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. $44,219.07 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $103,177.84. Interest at the rate of 4.625% will begin to accrue on the Interest Bearing Principal Balance as of October 1, 2012 and the first new monthly payment on the Interest Bearing Principal Balance will be due on November 1, 2012. The repayment terms of my modified loan are as follows:

   Maturity Date: October 1, 2052
   Interest Rate: 4.625%
   New Principal Balance: $147,396.91
   Deferred Principal Balance: $44,219.07
   Interest Bearing Principal Balance: $103,177.84
   First Modified Payment Due Date: November 1, 2012
   Number of Monthly Payments: 480
   Monthly Principal and Interest Payment: $472.17
   Estimated Monthly Escrow Payment: $333.08



FNMA-140493    8116 08-09

Total Monthly Payment: $805.25

*The escrow payments may be adjusted periodically in accordance with the applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.



FNMA-140493                                                                                                                      8116 06-09

4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

   E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

FNMA-140493                                                                 8116 08-09

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I also agree to allow Lender to attach an Exhibit A to this loan modification which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

FNMA-140493                                                                    8118 08-09

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Fannie Mae Loan Modification Program.

L. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

M. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

FNMA-140493                                                                                                                 8116 08-09

O. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

P. BORROWERS PROTECTION PLAN   If I have a Loan with Borrowers Protection Plan® ("BPP") under my Loan Documents, then I understand and agree that, unless I notify Lender of my request to cancel BPP or my BPP has already been cancelled or terminated in accordance with its terms, my BPP will remain on my Loan, as modified in accordance with this Agreement, and will continue to be governed by the terms of my Borrowers Protection Plan Addendum, which is the contract containing the terms and conditions of BPP that I received at closing of my original Loan.

I understand that I may cancel BPP at any time by calling 1-866-554-2676. If I notify the Lender of my request to cancel BPP within sixty (60) days after the Modification Effective Date, I will receive a refund of any BPP fees I pay with respect to any period after the Modification Effective Date. I further understand that BPP on my Loan may have already been cancelled or terminated by its terms, such as if any monthly fee for BPP has remained unpaid 90 days after its due date.

For purposes of my modified Loan, the "Monthly Payment" under the Borrowers Protection Plan Addendum will be the monthly payment of principal and/or interest as modified under this Agreement. With the exception of BPP benefits based on the outstanding balance of my Loan (if any), benefits under the BPP on my modified Loan will be calculated based on this new Monthly Payment amount, subject to the terms of the Borrowers Protection Plan Addendum.

FNMA-140493    8116 06-09

For purposes of my modified Loan, the monthly fee for BPP, which is the monthly amount charged to me for BPP, will be recalculated based on the percentage set forth in my Borrowers Protection Plan Addendum (or Borrowers Protection Plan Confirmation Letter, as applicable). I understand that the monthly fee for BPP, as a percentage of my monthly payment of principal and/or interest as modified under this Agreement, may be higher if the monthly payment under my modified Loan is or becomes higher than the monthly payment that was due on my Loan prior to modification under this Agreement. The monthly fee for BPP will be payable at the same time and place as payments of principal and/or interest under my modified Loan. The "Protection Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP became effective, and the "Expiration Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP will automatically expire, will not be changed by this Agreement. I will refer to my Borrowers Protection Plan Addendum for complete terms and conditions of my BPP.

If I have experienced a qualifying event that is eligible for benefits under BPP, I should contact Bank of America immediately by calling 1-866-317-5116.

Q. OPTIONAL PRODUCTS PURCHASED AFTER CLOSING  I understand and agree that any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment: (a) will remain in force so long as I add the amount due and owing to my Total Monthly Payment each month; and (b) will continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless (i) I notify the provider of the optional product of my request to cancel; or (ii) I fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the terms of the Governing Documents.  I understand that if I have questions regarding any optional product(s) I may have purchased, I should contact Bank of America by calling 800-641-5298.



FNMA-140493                                                                                                 8118 08-09

R. In the event of default under this Agreement and/or the Loan Documents, I absolutely assign and transfer to Lender any and all rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. I unconditionally authorize Lender or Lender's agents to collect the Rents, and agree that each tenant of the Property shall pay the Rents to Lender or Lender's agents. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only. I further agree that all Rents collected by Lender or Lender's agents shall be applied first to any fees, charges, assessments or other costs associated with managing the Property and collecting the Rents. Any amounts collected that exceed the costs of managing the Property and collecting the Rents shall be applied to the outstanding indebtedness under the Loan Documents in the manner described in the Loan Documents. If the amounts collected are insufficient to cover the costs of managing the Property and collecting the Rents, any additional expenditure by Lender for such purpose shall become indebtedness secured by the Security Instrument as per the Loan Documents. This assignment of Rents of the Property shall terminate when the indebtedness secured by the Security Instrument is paid in full. Upon Lender's request after default, I shall assign to Lender any lease and/or sublease (collectively "Lease") of the Property and all security deposits made in connection with any Lease of the Property.

Upon the assignment, Lender shall have the right to modify, renew, extend or terminate any Lease, in its sole discretion. I represent and warrant that I have not executed any prior assignment of Lease or the Rents, and have not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph or the Loan Documents.

S. I agree that if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, accelerate the debt and require immediate payment of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Agreement. If Lender exercises this option, Lender shall give notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed to pay all sums secured by the Security Instrument. Unless these sums are paid prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand.



FNMA-140493       8116 08-09

In Witness Whereof, the Lender and I have executed this Agreement.

INGRID B WRIGHT

Oct 19th 2012
Date

10/19/12

notary Shamika S. Payne 10-19-12

afp April 20, 2014

FNMA-140493    8116 08-09

Mortgage Electronic Registration Systems, Inc. -
Nominee for Bank of America, N.A.

By: _____     _____
                                        Date

_____
Printed Name and Title



FNMA-140493                                                    8116 08-09

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | { | CHAPTER 13 |
| | { | |
| Ingrid B. Wright, | { | CASE NO. 10-86096-BEM |
| | { | |
| Debtor. | { | |

**NOTICE OF HEARING**

    **PLEASE TAKE NOTICE** that Ingrid B. Wright has filed a Motion to Incur New Debt by Modifying Mortgage and related papers with the Court seeking an order permitting Debtor to modify the terms of a mortgage on real property.

    **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion to Incur New Debt by Modifying Mortgage in Courtroom **1402**, United States Courthouse, 75 Spring Street, SW. Atlanta, Georgia at **11:00 a.m. on February 26, 2013.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: January 17, 2013

                                                                        <u>Jigna Y. Patel    /s/</u>
                                                                        Jigna Y. Patel
                                                                        Attorney for Debtor
                                                                        GA Bar No. 613033
                                                                        Robert J. Semrad & Associates
                                                                        101 Marietta Street
                                                                        Suite 3600
                                                                        Atlanta, GA 30303
                                                                        404-909-8666

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                          {          CHAPTER 13
                                {
Ingrid B. Wright,               {          CASE NO. 10-86096-BEM
                                {
  Debtor.                       {

## CERTIFICATE OF SERVICE

    I hereby certify that I am more than 18 years of age and that I have this day served a copy of the within Motion to Incur New Debt by Modifying Mortgage upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery:

**Debtor:**
**Ingrid B. Wright**
105 Hillandale Court
Lithonia, GA 30058

**Creditor:**
**Bank of America, N.A.**
11802 Ridge Parkway
Suite 100 HRM
Home Retention
Broomfield, CO 80021

**BAC Home Loans Servicing, L.P.**
**Bankruptcy Department**
Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065

**CT Corporation System**
1201 Peachtree St. NE
Atlanta, GA 30361

**Bank of America, N.A.**
**Attn: Lauren Mogensen, Secretary**
150 N College St.;NC1-028-17-06
NC1-021-02-20
Charlotte, NC 28255

**Bank of America, N.A.**
**Attn: Lauren Mogensen, Secretary**
150 N College St.;NC1-028-17-06
NC1-021-02-20
Charlotte, NC 28255

**Bank of America, N.A.**
**Attn: Bruce Thompson, CFO**
150 N College St.;NC1-028-17-06
Charlotte, NC 28255

**Bank of America, N.A.**
**Attn: Brian Moynihan**
150 N College St.;NC1-028-17-06
Charlotte, NC 28255

*[See attached Creditor Mailing Matrix]*

I further certify that, by agreement of parties, Mary Ida Townson, Standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system

Dated: January 17, 2013

<u>Jigna Y. Patel    /s/</u>
Jigna Y. Patel
Attorney for Debtor
GA Bar No. 613033
Robert J. Semrad & Associates
101 Marietta Street
Suite 3600
Atlanta, GA 30303
404-909-8666

```
Label Matrix for local noticing        Acs/wachovia Educ Fin                 Avalon At Hillandale Park Homeowners Associa
113E-1                                  P.O. Box 7051                         c/o G. Lanier Coulter, Jr.
Case 10-86096-bem                       Utica, NY 13504-7051                  Dorough & Dorough, LLC
Northern District of Georgia                                                  160 Clairemont Avenue, Suite 650
Atlanta                                                                       Decatur, Georgia 30030-2534
Thu Jan 17 09:26:15 EST 2013

Avalon at Hillandale HOA               Avalon at Hillandale Park Homeonwers Associa   BAC Home Loans Servicing, L.P.
1465 Northside Drive                    c/o G. Lanier Coulter, Jr.                     Bankruptcy Department
Ste 128                                 Dorough & Dorough, LLC                         Mail Stop CA6-919-01-23
Atlanta, GA 30318-4220                  125 Clairemont Ave, Suite 520                  400 National Way
                                        Decatur, GA 30030-2551                         Simi Valley, CA 93065-6414


BAC Home Loans Servicing, L.P. fka Countrywi   Bac Home Loans Servicing              Bank of America, N.A., successor by merger t
c/o McCalla Raymer, LLC                 450 American St                        2380 Performance Dr. Bldg C Mail Stop: R
Bankruptcy Department                   Simi Valley, CA 93065-6285             Richardson, TX 75082-4333
1544 Old Alabama Road
Roswell, GA 30076-2102


Comcast Communications Inc.            G. Lanier Coulter Jr.                  DeKalb Medical Center
PO Box 105257                           Dorough & Dorough, LLC                 PO Box 2598
Atlanta, GA 30348-5257                  Suite 650                              Raleigh, NC 27602-2598
                                        160 Clairemont Ave.
                                        Decatur, GA 30030-2534


DeKalb Pathology PC                    Dekalb Anesthesia Associates           Educational Credit Management Corporation
PO Box 1259                             2171 West Park Court                   P O Box 75906
Dept 12867                              Suite A                                St Paul, MN 55175-0906
Oaks, PA 19456-1259                     Stone Mountain, GA 30087-3556


Barbara Ellis-Monro                    John Joseph Forbes                     Stephanie J. Ford
Northern District of Georgia            Robert J. Semrad & Associates, LLC     Suite 3600
Room 1431                               Suite 3600                             101 Marietta Street NW
Atlanta, GA 30303                       101 Marietta Street                    Atlanta, GA 30303-2716
                                        Atlanta, GA 30303-2716


(p)GEORGIA DEPARTMENT OF REVENUE       HRP, Inc.                              (p)INTERNAL REVENUE SERVICE
BANKRUPTCY SECTION                      Suite 150                              CENTRALIZED INSOLVENCY OPERATIONS
1800 CENTURY BLVD NE                    4901 Olde Towne Parkway                PO BOX 7346
SUITE 17200                             Marietta, GA 30068-5644                PHILADELPHIA PA 19101-7346
ATLANTA GA 30345-3206


A. Michelle Hart Ippoliti              LVNV Funding LLC                       Lureece D. Lewis
McCalla Raymer, et al                   Resurgent Capital Services             Robert J. Semrad & Associates, LLC
1544 Old Alabama Road                   PO Box 10587                           Suite 3600
Roswell, GA 30076-2102                  Greenville, SC 29603-0587              101 Marietta Street
                                                                               Atlanta, GA 30303-2716


Lithonia Finance Company               Metro Self Storage                     Nco Financial Systems
7046 Covington Highway                  6231 Hillandale Drive                  507 Prudential Rd
Suite C                                 Lithonia, GA 30058-4759                Horsham, PA 19044-2368
Lithonia, GA 30058-7651


PRA Receivables Management, LLC        Patient Accounts Bureau                (p)PORTFOLIO RECOVERY ASSOCIATES LLC
As Agent Of Portfolio Recovery Assocs.  PO Box 279                             PO BOX 41067
POB 41067                               Norcross, GA 30091-0279                NORFOLK VA 23541-1067
Norfolk VA 23541-1067
```

| | | |
|---|---|---|
| Security First Protective Serv<br>3446 Winder Highway PMB 327<br>Ste. M<br>Norfolk, VA 23541 | Stern & Associates, PA<br>415 North Edgeworth St<br>Ste 210<br>Greensboro, NC 27401-2071 | Mary Ida Townson<br>Chapter 13 Trustee<br>Suite 2200<br>191 Peachtree Street, NE<br>Atlanta, GA 30303-1770 |
| U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Spring Street, SW<br>Atlanta GA 30303-3315 | Wells Fargo<br>c/o California Student Aid Commission<br>Accounts Receivable<br>PO Box 419041<br>Rancho Cordova, CA 95741-9041 | Wells Fargo Auto Finance<br>13675 Technology Dr. Bldg C, 2nd Floor<br>Eden Prairie, MN 55344-2252 |
| Wells Fargo Financial<br>Po Box 7648<br>Boise, ID 83707-1648 | Ryan Williams<br>Robert J. Semrad & Associates, LLC<br>Suite 3600<br>101 Marietta Street<br>Atlanta, GA 30303-2716 | Ingrid Benita Wright<br>P.O. Box 1018<br>Lithonia, GA 30058-1018 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Georgia Department of Revenue<br>Bankruptcy Section<br>PO Box 161108<br>Atlanta, GA 30321 | (d)Georgia Dept Of Revenue<br>1800 Century Blvd NE Ste 17200<br>Atlanta, GA 30345 | Internal Revenue Service<br>Centralized Insolvency Unit<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| (d)Internal Revenue Service<br>Centralized Insolvency Unit<br>PO Box 21126<br>Philadelphia, PA 19114 | Portfolio Rc<br>Attn: Bankruptcy<br>Po Box 41067<br>Norfolk, VA 23541 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Educational Credit Management Corporation<br>P.O. Box 75906<br>St. Paul, MN 55175-0906 | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients    1<br>Total                  39 |